UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00080-GNS

GARY R. WOOLBRIGHT                                           PETITIONER

VS.

COOKIE CREWS, Warden                                        RESPONDENT

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

BACKGROUND

Petitioner Gary R. Woolbright, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1).   The undersigned recommended that the petition be denied in a report and recommendation (DN 35).   The District Judge adopted the undersigned's recommendation and denied Woolbright's petition (DN 37, 38).

The Sixth Circuit affirmed the District Judge's decision in part, reversed in part, and remanded for further proceedings.   Woolbright v. Crews, 791 F.3d 628, 629 (6th Cir. 2015).   On remand, the District Judge appointed counsel to represent Woolbright (DN 58, 60, 61) and referred this matter to the undersigned pursuant to 28 USC §§ 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for Findings of Fact, Conclusions of Law and Recommendations for disposition (DN 59).

At the undersigned's direction (DN 62), the parties filed supplemental briefs addressing the issues identified by the Sixth Circuit (DN 71, 72, 73).   After reviewing the supplemental memoranda, the undersigned determined that an evidentiary hearing and certain discovery should be conducted to further develop the record (DN 74, 93).   The undersigned conducted an

evidentiary hearing on March 28, 2017 (DN 96, 97, 98).   Woolbright was present, in state custody, and represented by attorney John David Cole, Jr. (Id.).   Assistant Kentucky Atty. Gen. James C. Shackelford was present for Warden Cookie Crews (Id.).   Woolbright presented evidence through the testimony of himself and his trial attorney, Robert Bradley Kaufman, and through Petitioner's Exhibit Numbers 1 through 3 (Id.).

Prompted by Woolbright's testimony during the evidentiary hearing, the undersigned directed the parties to submit supplemental memoranda and additional materials from the state court record addressing the question of whether the Barren Circuit Court authorized Woolbright to file on February 18, 2009, a *pro se* supplement to his motion to vacate under Ky. R. Crim. P. 11.42 (Rule 11.42 motion) (DN 100).   The parties, through their memoranda and supporting evidence, have responded in the affirmative to that question (DN 103, 104, 105, 106).   This matter is ripe for determination.


## FINDINGS OF FACT

Following a jury trial in Barren County in March 2003, Woolbright was convicted of wanton murder, receiving stolen property (anhydrous ammonia) with intent to manufacture methamphetamine, first-degree trafficking in a controlled substance (methamphetamine), and first degree possession of a controlled substance (methamphetamine).   Woolbright v. Commonwealth, 2011 WL 1327362, *1 (Ky. April 6, 2011) (unpublished opinion).   Woolbright was sentenced to a total of fifty-five years in prison.   Id.

The Supreme Court of Kentucky provided the following summary of the evidence presented during the criminal trial:

2

On November 14, 2001, Joseph Tibbs visited [Woolbright's] house with Michael Parker.  At some point, Parker stepped outside the house to look at some cars on the property.   What transpired inside the house during this period is disputed.    According to [Woolbright], while Parker was outside, Tibbs pulled a gun from his jacket and demanded that [Woolbright] give him money. [Woolbright] testified that he went to his bedroom, got Five Hundred Dollars ($500) in cash, and presented it to Tibbs.  Tibbs indicated the amount was insufficient, so [Woolbright] again went to the back of the home to retrieve more money, but also armed himself with a gun.  When he returned, he threw his wallet to distract Tibbs' attention.   The ploy worked and when Tibbs looked away, [Woolbright] placed the handgun at the back of Tibbs' head. According to [Woolbright], Tibbs flinched, causing the gun to discharge.  [Woolbright] stated several times at trial that the gun fired accidentally; that is to say, he only meant to scare Tibbs with the firearm but did not intend to shoot him.   Nonetheless, a single bullet passed from the back of Tibbs' head through the front, though it did not kill Tibbs immediately.   Tibbs lay on the floor bleeding and making a gurgling noise, which, according to [Woolbright], distressed him greatly.  [Woolbright] then stuffed a plastic bag down Tibbs' throat, completely occluding his airway. Tibbs died thereafter.  Dr. Tracy Corey, Chief Medical Examiner for the Commonwealth, testified that it was possible Tibbs could have survived the gunshot wound if immediate treatment had been sought, but that the plastic bag in his throat removed that possibility. In other words, the gunshot wound to Tibbs' head was the primary cause of death, though the occlusion of his airway was a significant contributing factor.

[Woolbright] later called 911 and Kentucky State Police Trooper Terry Alexander responded to the scene.   As he pulled up to Appellant's residence, he observed [Woolbright] emptying his pockets onto the hood of a truck.   One of the items was a baggie containing what was later confirmed to be a quantity of methamphetamine.    A   smaller   quantity   was   found   in [Woolbright's] pocket.   As Trooper Alexander approached the residence, he detected the strong smell of ammonia; an underground bunker near the house revealed eleven tanks of anhydrous ammonia. [Woolbright] thereafter was arrested. . . .

Woolbright v. Commonwealth, No. 2003-SC-0368-MR, 2005 WL 2045485, at *1 (Ky.

Aug. 25, 2005).

As a matter of right, Woolbright appealed his conviction to the Supreme Court of Kentucky.  Id.  He raised eight issues on direct appeal.  Id.  The Supreme Court of Kentucky affirmed his conviction.

On July 21, 2006, Woolbright filed, *pro se*, his Rule 11.42 motion to vacate with a supporting memorandum in the Barren Circuit Court (DN 20-2 PageID # 174-179; DN 20-3 PageID # 181-223).  The motion and supporting memorandum presented several IATC claims (Id.).  The Barren Circuit Court appointed counsel to represent Woolbright, apparently believing that an evidentiary hearing would be necessary.  Yet, in a one page order, entered August 25, 2009, Judge Patton denied Woolbright's Rule 11.42 motion and cancelled the hearing scheduled for November 17, 2009 (DN 20-9 PageID # 345).   Judge Patton explained as follows:

> The Court has considered the motion and the response of the Commonwealth and all other pleadings and the entire record.  The Court finds that no evidentiary hearing is required, as the record alone refutes the allegations of the motions.  The record further refutes the allegations that trial counsel for the Movant was ineffective or that a different strategy by counsel would have in any way change the outcome of the trial.

(Id.).

Woolbright, through counsel, pursued an appeal before the Kentucky Court of Appeals (DN 20-9 PageID # 349-73).  Appointed counsel's appellate brief focused on only five of the IATC claims presented to the Barren Circuit Court (Id.).  The Kentucky Court of Appeals affirmed the Barren Circuit Court's denial of the Rule 11.42 motion (DN 20-11) as did the Kentucky Supreme Court (DN 20-15).

4

On May 11, 2012, Woolbright, proceeding *pro se*, filed the instant habeas corpus action under 28 U.S.C. § 2254 (DN 1).   In pertinent part, Woolbright's petition presented twelve claims of IATC[1] (Id. PageID # 21-23).

In relevant part, Crews' response to the habeas petition asserted that federal review was barred as to seven of the twelve IATC claims because Woolbright did not seek review of them in his collateral attack brief to the Kentucky Court of Appeals, and he failed to make a showing of cause and prejudice (DN 20 PageID # 144, 155-59).   Crews argued that Woolbright was not entitled to relief on the other five claims of IATC as adjudication of those claims by the Kentucky Court of Appeals was not contrary to or an unreasonable application of the two part test set forth in Strickland v. Washington, 466 U.S. 668 (1984) (Id. PageID # 144, 145-54).

With leave of court, Woolbright filed a supplement to his habeas petition (DN 22, 25, 29, 30, 31).   Crews filed a response to the supplement (DN 32) and Woolbright filed a reply memorandum (DN 33).

In a report and recommendation filed on April 19, 2013, the undersigned found that only five of the twelve IATC claims were properly preserved for federal review[2] (DN 35 PageID # 882-83, 886).   The undersigned addressed the five IATC claims (Nos. 1, 3, 5, 7,9) on the merits and concluded that Woolbright was not entitled to relief (Id. PageID # 886-902).   The undersigned determined that federal review was barred as to the other seven IATC claims (Nos. 2, 4, 6, 8, 10, 11, 12) because Woolbright did not present them to the Kentucky Court of Appeals in his collateral attack brief and he could not establish cause and prejudice (Id. PageID # 902-07).

---

1 Woolbright's petition also presented claims of trial court error (Id. PageID # 24).   Those claims will not be discussed because they are not pertinent to the issues that the Sixth Circuit directed this Court to consider on remand.

2 The report and recommendation addressed all of the claims that Woolbright raised in his petition and supplemental petition (DN 35).   The undersigned has refrained from discussing the other claims because they are not relevant to the issues that the Sixth Circuit directed this Court to consider on remand.

More specifically, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991), the undersigned concluded that Woolbright could not establish "cause" with a claim that he received ineffective assistance of appellate counsel during the collateral attack appeal to the Kentucky Court of Appeals (<u>Id.</u> PageID # 905-07).    Alternatively, because of the plethora of evidence against Woolbright, the undersigned concluded as to all seven IATC claims he failed to demonstrate there was a reasonable probability that, but for trial counsel's alleged error, the result of the proceeding would have been different (DN 35 PageID # 907).    The undersigned recommended that Woolbright's petition and supplemental petition be denied and that a certificate of appealability be denied as to all of the claims he raised in the petition and supplemental petition (<u>Id.</u> PageID # 914). The District Judge adopted the undersigned's report and recommendation, denied Woolbright's petition, and declined to issue a certificate of appealability (DN 37).

Woolbright timely filed a notice of appeal (DN 39).    The Sixth Circuit subsequently granted Woolbright a certificate of appealability on the seven IATC claims that were not adjudicated on the merits by the Kentucky Court of Appeals.    <u>Woolbright v. Crews</u>, 791 F.3d 628, 629-31 (6th Cir. 2015).   In pertinent part, the Sixth Circuit's opinion reads as follows:

> Four of these claims allege trial counsel's failure to: (1) interview exculpatory witnesses; (2) object to, and request a mistrial for, prosecutorial misconduct during the sentencing phase of the trial; (3) investigate the ownership of a second gun found at the scene; and (4) make a double jeopardy objection to charges of both possession and trafficking of controlled substances.   None of these claims were raised in Woolbright's pro se Rule 11.42 petition or his subsequent appeal.   Three additional claims allege trial counsel's failure to: (1) prepare a defense to the charge of receiving stolen property or object to an improper jury instruction on that charge; (2) move for a directed verdict on the grounds that the jury verdict was not unanimous; and (3) object to the jury instruction on wanton murder.   These three IATC claims were raised in the Rule 11.42 petition but not raised on post-conviction appeal by Woolbright's appointed counsel.

> Without holding an evidentiary hearing, the magistrate judge recommended the denial of the habeas petition. The magistrate judge found that all seven IATC claims had been procedurally defaulted, and that Woolbright could not rely on the absence or ineffectiveness of post-conviction counsel to excuse the default. The magistrate judge specifically cited *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), for the proposition that "Woolbright cannot use a claim of ineffective assistance of counsel during post-conviction proceedings to establish 'cause.' " Motivated by "an abundance of caution," the magistrate judge included a pro forma statement that, "As to each claim Woolbright has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different because of the plethora of evidence against him." No additional analysis of the merits of the seven IATC claims was provided.

Id. at 630.

The Sixth Circuit recognized that if a petitioner's claims are procedurally defaulted, they may not be reviewed by a habeas court unless the petitioner can demonstrate "cause" and "prejudice." Id. at 631. The Sixth Circuit noted, "[i]n Coleman v. Thompson, the Supreme Court had set forth a general rule that, 'Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review . . . any attorney error that led to the default of [a petitioner's habeas] claims in state court cannot constitute cause to excuse the default in federal habeas.'" Woolbright, 791 F.3d at 631 (quoting Coleman, 501 U.S. at 756-57).

The Sixth Circuit acknowledged that the Supreme Court had recently created a narrow exception to Coleman "in recognition of the 'critically important' nature of the right to the effective assistance of counsel at trial . . ." Id. (citing Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911, 1921, 185 L.Ed.2d 1044 (2013)). The Sixth Circuit explained that in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1320, 182 L.Ed.2d 272 (2012), the Supreme Court "held that 'cause' to

excuse procedural default can be established in situations where state law bars a petitioner's IATC claims on direct appeal and the petitioner did not have the benefit of effective assistance of counsel at his initial-review collateral proceeding." Woolbright, 791 F.3d at 631. The Sixth Circuit further explained, "[i]n Trevino, the Court expanded the exception to encompass those situations where a state's procedural system 'in theory grants permission [to raise an IATC claim on direct appeal] but, as a matter of procedural design and systemic operation, denies any meaningful opportunity to do so.'" Id. (quoting Travino, 133 S.Ct. at 1921).

The Sixth Circuit then reviewed de novo the question of whether the Martinez/Trevino exception applies to Kentucky's procedural system. Id. at 632-36 (citing Sutton v. Carpenter, 745 F.3d 787, 790 (6th Cir. 2014)). The Sixth Circuit held that "[t]he Martinez/Trevino exception applies in Kentucky and thus Kentucky prisoners can, under certain circumstances, establish cause for a procedural default of their IATC claims by showing that they lacked effective assistance of counsel at their initial-review collateral proceedings." Id. at 636.

The Sixth Circuit's opinion then reads as follows:

> As noted above, this appeal includes four IATC claims that were not presented to the Kentucky trial court for initial review and three IATC claims that were presented in Woolbright's Rule 11.42 petition but not pursued in the Kentucky appeals courts. This distinction is critical because the holdings in Martinez and Trevino "[do] not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings...." Martinez, 132 S.Ct. at 1320. Woolbright has conceded that "under existing law" he cannot establish "cause" based on the failures of post-conviction appellate counsel to pursue the latter three claims. While we acknowledge Woolbright's efforts to preserve any future argument that "Martinez and Trevino should be extended to ineffective assistance of post-conviction appellate counsel," id. at 35–36, Supreme Court precedent compels us to affirm the district court's denial of the three IATC claims that were presented in the Rule 11.42 petition. See id.

. . .

A separate consideration is whether the merits determination of the district court should provide an alternative ground for affirmance in this case.   In this regard, two aspects of the district court's ruling should be emphasized: the extreme brevity of the merits ruling and the denial of Woolbright's motion for an evidentiary hearing. Although the magistrate judge's report and recommendation dutifully recites the relevant test for prejudice resulting from the ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the magistrate judge offered nothing more than a blanket statement that none of the seven IATC claims could demonstrate prejudice to Woolbright.   This perfunctory, pro forma statement offers virtually no basis to evaluate the district court's merits decision, and this panel cannot even extrapolate from the arguments of the Warden before the district court, because the Warden's opposition to Woolbright's habeas petition did not address the merits of the four IATC claims covered by *Martinez* and *Trevino*.

Furthermore, there is persuasive precedent for reaching the *Trevino* question even though a lower federal court has ruled on the underlying merits of the procedurally defaulted IATC claims.   In *Trevino* itself, the district court had alternatively ruled that the IATC claims failed to demonstrate the necessary prejudice.   *See Trevino v. Thaler*, 678 F.Supp.2d 445, 471–72 (W.D.Tex.2009), *aff'd*, 449 Fed.Appx. 415 (5th Cir.2011).   This merits ruling did not deter the Supreme Court from using *Trevino* as a vehicle for promulgating an expansion of the procedural default exception created by *Martinez*. *See* 133 S.Ct. at 1921–22.   And on remand from the Supreme Court, the Fifth Circuit did not reaffirm the district court based on the alternative merits ruling, but instead remanded the whole matter back to the district court for "full reconsideration of the Petitioner's ineffective assistance of counsel claim."   *Trevino v. Stephens*, 740 F.3d 378 (5th Cir.2014) (per curiam).

Woolbright has thus far been unable to obtain an evidentiary hearing on his IATC claims in either state post-conviction proceedings or federal habeas proceedings.   This absence of factual development (which nullifies a key advantage of bringing such IATC claims in collateral proceedings) hamstrings this court's ability to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.   We therefore remand this matter back to the district court for a "full

9

> reconsideration" of the four IATC claims that were not previously presented to the Kentucky courts in collateral proceedings and consideration of whether to conduct an evidentiary hearing. This reconsideration would first address whether Woolbright can demonstrate (1) the absence or ineffective assistance of his post-conviction counsel and (2) the "substantial" nature of his underlying IATC claims. *See Sutton*, 745 F.3d at 795–96. If Woolbright can demonstrate these two elements and therefore establish cause to excuse his procedural default, the district court can then reconsider whether Woolbright can establish prejudice from the alleged ineffective assistance of trial counsel.

Woolbright, 791 F.3d at 636-37. In sum, the Sixth Circuit affirmed in part the district court's denial of the three IATC claims presented to the Kentucky courts, reversed in part the district court's denial of a writ on the four IATC claims that were never presented to the Kentucky courts, and remanded for further proceedings. Id. at 629, 638.

## CONCLUSIONS OF LAW

### A

For clarity purposes, the Sixth Circuit directed this Court to conduct a full reconsideration of the following IATC claims in Woolbright's petition: (4) trial counsel failed to interview exculpatory witnesses; (6) trial counsel failed to object to, and request a mistrial for, prosecutorial misconduct during the sentencing phase of the trial; (8) trial counsel failed to investigate the ownership of a second gun [.44 magnum pistol] found at the scene; and (12) trial counsel failed to make a double jeopardy objection to charges of both possession and trafficking of controlled substances (compare Woolbright, 791 F.3d at 630, 636-37 with DN 1 PageID # 22-23). The Sixth Circuit found that these four IATC claims were not "raised in Woolbright's *pro se* Rule 11.42 petition or his subsequent appeal." Woolbright, 791 F.3d at 630).

10

In making the above finding, the Sixth Circuit apparently overlooked the fact that Woolbright "fairly presented" IATC claim No. 8 to the Barren Circuit Court in the supporting memorandum filed contemporaneously with his *pro se* Rule 11.42 motion (DN 20-3 PageID # 217-18).   *See* Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006) (both the factual and legal basis for the claim must have been presented to the state court in order to be considered "fairly presented").   Additionally, the Sixth Circuit disregarded Woolbright's *pro se* supplement to the Rule 11.42 motion, filed in the Barren Circuit Court on February 18, 2009 (DN 20-7 PageID # 302-26).   As a result of further development of the record following remand, the parties agree, and the undersigned finds, that the Barren Circuit Court authorized Woolbright to file the *pro se* supplement to his Rule 11.42 motion, notwithstanding the fact he was represented by appointed counsel (DN 103-1, -2, -3, -4; DN 105, 106).   Further, the parties agree, and the undersigned finds, that Woolbright presented IATC claim No. 12 to the Barren Circuit Court in the *pro se* supplement (DN 20-7 PageID # 321-23; DN 105, 106).   This means that Woolbright "fairly presented" IATC claim No. 12 to the Barren Circuit Court in his *pro se* supplement to his Rule 11.42 motion.   *See* Fulcher, 444 F.3d at 798.   Thus, contrary to the Sixth Circuit's finding, the state court record demonstrates that IATC claim Nos. 8 and 12 were in fact raised before the trial court but they were not raised in Woolbright's subsequent appeal.

The Supreme Court of the United States has explained that the equitable exception it created in Martinez does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."   132 S.Ct. at 1320.   Relying on this language, the Sixth Circuit has clearly indicated the Martinez-Trevino equitable exception "does not apply to save procedural defaults that occur in 'appeals from initial-review collateral

11

proceedings.'" Middlebrooks v. Carpenter, 843 F.3d 1127, 1136 (6th Cir. 2016) (quoting Martinez, 132 S.Ct. at 1320); Atkins v. Holloway, 792 F.3d 654, 661 (6th Cir. 2015) (the exception does not extend to attorney errors at post-conviction appellate proceedings); West v. Carpenter, 790 F.3d 693, 698 (6th Cir. 2015) (the Supreme Court in Martinez indicated the exception does not extend attorney errors in any proceeding beyond initial-review collateral proceedings; Wallace v. Sexton, 570 F. App'x 443, 453 (6th Cir.2014) (the Supreme Court cautioned that the exception does not extend to attorney errors at post-conviction appellate proceedings).

The Sixth Circuit applied this rule to the three IATC claims (Nos. 2, 10, 11) that were presented in Woolbright's Rule 11.42 motion but not pursued in the Kentucky appeals courts. Woolbright, 791 F.3d at 636.   In pertinent part the Sixth Circuit's opinion reads as follows:

> Woolbright has conceded that "under existing law" he cannot establish "cause" based on the failures of post-conviction appellate counsel to pursue the [three IATC] claims.   While we acknowledge Woolbright's efforts to preserve any future argument that "*Martinez* and *Trevino* should be extended to ineffective assistance of post-conviction appellate counsel," *id.* at 35-36, Supreme Court precedent compels us to affirm the district court's denial of the three IATC claims that were presented in the Rule 11.42 petition. . . .

Woolbright, 791 F.3d at 636.   Applying the Sixth Circuit's reasoning here, the undersigned concludes that federal review of IATC claim Nos. 8 and 12 is barred because Woolbright did not fairly present them in his collateral attack brief to the Kentucky Court of Appeals, and Woolbright cannot establish "cause" based on the failure of post-conviction appellate counsel to pursue these claims.   Therefore, the undersigned concludes that Woolbright is not entitled to any relief, and the Court should deny IATC claim Nos. 8 and 12.

In Slack v. McDaniel, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on

12

procedural grounds.   529 U.S. 473, 484-485 (2000).   To satisfy the first prong of the Slack test, Woolbright must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."   Id. at 484.   To satisfy the second prong, Woolbright must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[3]   Id.   Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Woolbright makes an insufficient showing on one part.[4]   Id. at 485.   For example, if the Court determines Woolbright failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied.   Id.

    For the reasons set forth above, jurists of reason would not find it debatable whether Woolbright procedurally defaulted IATC claim Nos. 8 and 12 by failing to present them to the Kentucky Court of Appeals, and that he cannot show "cause" to excuse the procedural default. Therefore, the undersigned will not recommend issuance of a Certificate of Appealability as to IATC claim Nos. 8 and 12 in Woolbright's habeas corpus petition.

B

    The undersigned will now reconsider IATC claim Nos. 4 and 6 in light of Martinez and Trevino.  *See* Woolbright, 791 F.3d at 637.   First, the undersigned must "address whether Woolbright can demonstrate: (1) the absence or ineffective assistance of his post-conviction

---

3 "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4 "Each component of the § 2253(c) showing is part of a threshold inquiry, and a Court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue of whose answer is more apparent from the record and arguments."   Slack, 529 U.S. at 485.

counsel and (2) the 'substantial' nature of his underlying IATC claims."  Id. (citing Sutton v. Carpenter, 745 F.3d 787, 795-96 (6th Cir. 2014)).  "If Woolbright can demonstrate these two elements and therefore establish *cause* to excuse his procedural default, the district court can then reconsider whether Woolbright can establish prejudice from the alleged ineffective assistance of trial counsel."  Id. (emphasis added); *see also* Atkins v. Holloway, 792 F.3d 654, 660 (6th Cir. 2015) (questions (1) and (2) determine whether there is "cause," the next question is (3) whether prejudice can be demonstrated).  Finally, if the undersigned finds that Woolbright establishes cause and prejudice as to his claims, the undersigned should evaluate such claims on the merits. Atkins, 792 F.3d at 660. ,

The state court record shows that the Barren Circuit Court appointed the Department of Public Advocacy to represent Woolbright in anticipation that an evidentiary hearing would be conducted with regard to the claims raised in Woolbright's *pro se* 11.42 motion.   Thus, the Court must first address whether Woolbright can demonstrate: (1) appointed counsel in the initial-review collateral proceedings rendered ineffective assistance, and (2) the substantial nature of his underlying IATC claims.

To establish ineffective assistance of counsel, a defendant must show deficient performance and resulting prejudice.  Knowles v. Mirzayance, 556 U.S. 111, 122 (2009); Strickland v. Washington, 466 U.S. 668, 687 (1984).  The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness."   Strickland, 466 U.S. at 688.   Notably, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   Id. at 690.  The prejudice inquiry requires the defendant "to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

14

proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  In the context of a criminal trial, the prejudice inquiry requires the defendant to show there is a reasonable probability that, absent trial counsel's errors, the jury would have had a reasonable doubt respecting guilt.  Id. at 695.

To establish the underlying IATC claims are substantial, a defendant must show they have "some merit." Martinez, 132 S. Ct. at 1318-19 (citing Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)); Brizendine v. Parker, 644 F. App'x 588, 592 (6th Cir. 2016). Further, a defendant must demonstrate the IATC claims are substantial as to both parts of the Strickland test.  Henness v. Bagley, 766 F.3d 550, 557 (6th Cir. 2014); see McGuire v. Warden, 738 F.3d 741, 752 (6th Cir. 2013) ("To be successful under Trevino, [petitioner] must show a 'substantial' claim of ineffective assistance, and this requirement applies as well to the prejudice portion of the ineffective assistance claim.").  The threshold inquiry at this stage "does not require full consideration of the factual or legal basis adduced in support of the claims[,]" rather, the court is required to engage in a preliminary, though not definite, consideration of the two-step Strickland standard.  See Miller-El, 537 U.S. at 336.

### 1. Counsel's Failure to Interview Exculpatory Witnesses

In IATC claim No. 4, Woolbright argues that trial counsel was ineffective in failing to interview and call exculpatory witnesses (DN 1 PageID # 22).  Specifically, Woolbright believes Deputy Jailer Janice Davidson would have testified that a third baggie of drugs was seized from him during his booking into jail but not included in the evidence presented at trial (DN 71 PageID #1050-52).  The absence of testimony regarding this third baggie of drugs at trial, Woolbright claims, prevented him from arguing for "the exclusion of drugs in question." (Id.).  Woolbright also explains he wanted to call Trooper Winchester as a witness at trial because he was left alone in

15

Woolbright's home during the search (Id.).  According to Woolbright, these witnesses had information relevant to the drugs seized from him and the manner in which Tibbs died, which he believes goes directly toward the credibility of his story (Id.).  Woolbright cites to Towns v. Smith, 395 F.3d 251 (6th Cir. 2005), arguing that part of counsel's duty to investigate includes investigating all witnesses who may have information concerning the defendant's innocence, and, when counsel fails to do so, a defendant is deprived of the right to effective assistance of counsel (Id.).

The Warden responds it was "within sound trial strategy" not to pursue an investigation into an alleged third baggie of drugs because this testimony was inconsistent with Woolbright's trial testimony and, presumably, inconsistent with what Woolbright told his counsel before trial (DN 72 PageID # 1061-63).   The Warden emphasizes that Woolbright does not enunciate a theory of who may have tampered with the baggies of drugs and does not indicate how the alleged tampering was done (Id.).   As a result, the Warden argues Woolbright's claim is based on sheer speculation and conclusory allegations, which are insufficient to support a claim that his trial counsel was ineffective (Id.).

In reply, Woolbright argues that trial counsel's decision to not pursue the third baggie could not be sound trial strategy because the presence of drugs on his person caused the trier of fact to focus on drugs and see the trial through that lens (DN 73 PageID # 1105-06).   Woolbright explains that the drugs were not on his person but, rather, were on Tibbs' person, which would have shown the trier of fact that this was an attempted robbery (Id.).

It is well-established that defense counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."   Strickland, 466 U.S. at 691.   This duty includes the obligation to investigate all witnesses who may have

16

information involving his client's guilt or innocence.  Towns v. Smith, 395 F.3d 251, 258 (6th Cir. 2005) (citing Bryant v. Scott, 28 F.3d 1411, 1419 (5th Cir. 1994) (additional citation omitted)).   A particular decision not to investigate must be "directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."  Strickland, 466 U.S. at 691.

In a number of cases, the Sixth Circuit has found defense counsel was deficient for failing to investigate witnesses who were with a defendant at the time of the crime, including eyewitnesses and alibi witnesses.  Fitchett v. Perry, 644 F. App'x 485, 491 (6th Cir. 2016) (citing McClellan v. Rapelje, 703 F.3d 344, 347 (6th Cir. 2013); Poindexter v. Booker, 301 F. App'x 522, 529 (6th Cir. 2008); Clinkscale v. Carter, 375 F.3d 430, 443 (6th Cir. 2004)).   The Sixth Circuit has also found it is deficient for defense counsel to fail to investigate evidence that could have exonerated a defendant.  Fitchett, 644 F. App'x at 492 (citing McClellan, 703 F.3d at 347; Poindexter, 301 F. App'x at 529; Couch v. Booker, 632 F. 3d 241, 246 (6th Cir. 2011)).

Here, Deputy Jailer Davidson and Trooper Winchester are neither eyewitnesses nor alibi witnesses.   Regarding Deputy Jailer Davidson, Woolbright contends she would testify that a third baggie of drugs was seized from his person when he was booked into jail.   Woolbright explains that because this evidence was not presented at trial, he was unable to argue for the exclusion of those drugs.   It is unclear whether Woolbright believes that testimony regarding the alleged third baggie of drugs would have allowed him to argue for the exclusion of the alleged third baggie or to argue for the exclusion of all of the drugs found during the investigation.   Regardless, Woolbright fails to identify how trial counsel could have argued for this exclusion and whether the argument would have been successful.   As noted by the Warden, Woolbright fails to enunciate a theory of who may have tampered with the drugs or how it was done.

17

Yet even if Woolbright had identified a valid theory of suppression, he still fails to show a reasonable probability that this evidence would have changed the outcome of his trial.   Supposing Woolbright had somehow suppressed the physical evidence of methamphetamine, there was still sufficient evidence tying him to drugs, including Woolbright's testimony that he sold methamphetamine in the past, the presence of stolen hydrous ammonia tanks on his property, and the large sums of cash he gave to Tibbs for his motorcycle and on the day of the incident.   Based on the forgoing, Woolbright has not established the "substantial" nature of IATC claim No. 4.

As to Trooper Winchester, Woolbright states only that the trooper was left alone in his home and he wanted to call him as a witness at trial (DN 71 PageID # 1050-52).   Because Woolbright makes no allegations of what Trooper Winchester would have testified to or how his testimony would have corroborated Woolbright's version of events, this part of Woolbright's IATC claim cannot be considered "substantial."

Within his supplemental brief, Woolbright adds the claim that his trial counsel was ineffective in not investigating or calling an independent medical examiner to clarify that Tibbs was already dying when the plastic bag was placed in his throat (DN 71 PageID #1051).   The Warden responds that Woolbright is improperly attempting to combine claims because the Sixth Circuit explicitly declined to grant a COA as to this issue (DN 72 PageID # 1061).   In reply, Woolbright recognizes that his argument regarding an independent medical examiner is a separate IATC claim but asserts that because his petition was filed *pro se*, he should be held to a less stringent standard (DN 73 PageID # 1106).

The undersigned notes that IATC claim No. 3 alleges trial counsel was ineffective in not investigating or calling an independent medical examiner to provide testimony regarding the causes of Tibbs' death (DN 1 PageID # 22).   This is one of the five IATC claims (Nos. 1, 3, 5, 7,

18

9) that the undersigned addressed on the merits and concluded that Woolbright was not entitled to relief (DN 35 PageID # 886-902).   The Sixth Circuit denied a COA as to this IATC claim and did not direct this Court to review it on remand.   Yet, Woolbright invites the Court to conduct a second review of IATC claim No. 3 by adding it to his argument in support of IATC claim No. 4. The undersigned declines Woolbright's invitation to revisit IATC claim No. 3, and recommends that the Court decline to do so as well.

The undersigned will now address the question of whether Woolbright can demonstrate ineffective assistance of appointed counsel during the initial-review collateral proceedings. Focusing on the performance component, for the reasons set forth above, Woolbright has failed to demonstrate the substantial nature of IATC claim No. 4.   In light of this determination, Woolbright cannot overcome the presumption that, under the circumstances, the failure to present IATC No. 4 in a supplemental memorandum, might be considered sound strategy.   Strickland, 466 U.S. at 689-690.   Moreover, Woolbright cannot demonstrate there is a reasonable probability that, but for appointed counsel' failure to present IATC No. 4 in a supplemental memorandum, the result of the Rule 11.42 proceeding would have been different.   Id. at 694.

In sum, Woolbright has failed to demonstrate: (1) ineffective assistance of his post-conviction counsel and (2) the "substantial" nature of his underlying IATC claim.   Because Woolbright has failed to demonstrate these two elements, he has not established "cause" to excuse his procedural default of IATC No. 4 before the Barren Circuit Court.   Therefore, the undersigned concludes that federal review of IATC No. 4 is barred.

2. Failure to Object to, and Request a Mistrial for, Prosecutorial Misconduct
During the Sentencing Phase of Trial

In IATC claim No. 6, Woolbright argues that "counsel failed to object and request a mistrial due to the prosecutor's misconduct during the sentencing phase of [his] trial" (DN 1 PageID # 22).   On appeal, the Sixth Circuit characterized Woolbright's claim identically. Woolbright, 791 F.3d at 630.   However, in his supplemental brief, Woolbright argues his counsel should have requested a mistrial based on prosecutorial misconduct *during closing arguments* at trial, or in other words, *during the guilt phase* of his trial (DN 71 PageID # 1052-53).

The Warden takes issue with Woolbright changing his claim in his supplemental brief and believes Woolbright is attempting to raise a separate and distinct issue of prosecutorial misconduct without asking permission to amend his petition (DN 72 PageID # 1063-67).   Even if Woolbright is seeking to amend his petition in his supplemental brief, the Warden contends it is untimely under 28 U.S.C. § 2244 because his new claim of ineffective assistance regarding misconduct during the guilt phase does not relate back to the original petition (Id.).

In reply, Woolbright again argues that because his petition was *pro se* it should not be held to the same standard as pleadings created by counsel (DN 73 PageID # 1106-08).   Woolbright explains that this *de minimis* mistake should not deprive him of his rights because regardless of when the misconduct occurred, he argued the same misconduct in both his original petition and supplemental memorandum, meaning the issue is not "new" (Id.).

Woolbright has not explicitly sought leave to file an amended petition, and this new ground for relief was raised well after the Government responded to his original petition.   Even so, the undersigned will give Woolbright the benefit of the doubt and construe his supplemental memorandum on this issue as an attempt to amend his habeas petition and evaluate whether

20

amendment of the petition would be futile.   As an initial matter, the "amended claim" is time-barred because it falls outside of his one-year statute of limitations.   28 U.S.C. § 2244(d)(1).

Because the "amended claim" is time-barred, the undersigned must determine whether it relates back to Woolbright's original § 2254 petition.   Federal Rule of Civil Procedure 15 governs federal habeas proceedings under 28 U.S.C. § 2254.   Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562, 162 L.Ed.2d 582 (2005); 28 U.S.C. § 2242.   Rule 15 specifies that "[a]n amendment to a pleading relates back to the date of the original [petition] when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."   Fed.R.Civ.P. 15(c)(1)(B).   The Supreme Court has explained that the "same conduct, transaction, or occurrence" standard is construed somewhat more strictly in the unique context of habeas matters.   Mayle, 545 U.S. at 661.   In adopting this narrow reading of Rule 15, the Supreme Court has concluded that "an amended habeas petition does not relate back where it asserts a new ground for relief supported by facts that differ from those in the original petition."   Pincheon v. Myers, 615 F.3d 631, 642 (6th Cir. 2010) (citing Mayle, 545 U.S. at 664). Rather, the claims in the original and amended petitions must be "tied to a common core of operative facts."   Mayle, 545 U.S. at 664.   The majority of circuits have determined that, under the principle of Mayle, "one claim of ineffective assistance does not automatically relate back to another simply because the two claims both rest on a violation of the Sixth Amendment."   United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009); United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005).

This claim presents a close call as to whether Woolbright's "amended" claim should relate back.   Woolbright's "amended" claim is not based on "an entirely distinct type of attorney misfeasance."   See Ciampi, 419 F.3d at 23.   Instead both his "amended" and original claims

21

specifically identify trial counsel's failure to object to prosecutorial misconduct.   Woolbright's

original petition did not include any facts indicating he actually meant prosecutorial misconduct

during sentencing.   Moreover, Woolbright's supplemental reply explains that his "amended"

claim is based on the same conduct as that in the original petition and his original claim that the

violation occurred at sentencing was a *de minimis* mistake.   In again giving Woolbright the

benefit of the doubt, the undersigned agrees.   Although Woolbright did not plead his claim in

factual detail in the original petition, the Warden is not prejudiced by the correction.[5]

Woolbright's new claim merely clarifies or amplifies his claim from the original petition.   *See*

Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001).   Therefore, the undersigned will

proceed in evaluating whether Woolbright's IATC claim has "some merit."   Martinez, 132 S.Ct.

at 1318-19.

The   alleged   prosecutorial   misconduct   involves   the   prosecutor's   statement   that

Woolbright's defense counsel insinuated "[the prosecution] made the defendant look like a liar."

(DN 71, at p. 7 (citing Trial Record 3/10/03, 14:48)).   The prosecutor stated "I don't think we had

to do that- I think [Woolbright] kind of did that himself." (Id.).   Woolbright argues it is patently

improper under Kentucky law for a prosecutor to express personal belief that a witness is lying

(DN 71 PageID # 1052 (citing Hodge v. Hurley, 426 F.3d 368, 378 (6th Cir. 2005)).   The

prosecutor's statement, Woolbright argues, was prejudicial, and, therefore, trial counsel should

have objected, moved for a curative instruction, or moved for a mistrial to alleviate the error (Id. at

PageID # 1052-53).

---

5 Woolbright notes that the Warden was aware of the factual specifics of the prosecutorial misconduct claim because
he briefed the issue in his appeal to the Sixth Circuit (DN 73, at p. 4), however, he fails to attach this brief to his
supplemental memorandum.

The Warden argues that even if the Court finds Woolbright's new argument is not time-barred, there is no merit to his underlying claim (Id. PageID # 1067-75).   The Warden expounds that Woolbright made various conflicting and inconsistent statements before and during trial (Id.).   Citing to the "invited response" rule of United States v. Young, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985), the Warden clarifies that the prosecutor's comment was merely made in response to a statement defense counsel made during his closing argument (Id. (citing Trial record at 14:43:30)).   The Warden also argues that the four-factor test from Cristini v. McKee, 526 F.3d 888 (6th Cir. 2008), which determines whether prosecutorial misconduct is flagrant and reversible, weighs against Woolbright's argument and renders his claim meritless (Id.).

Woolbright's reply addresses the four-factor prosecutorial misconduct analysis from McKee, arguing the prosecutor's comment was prejudicial, deliberate, and although it was not extensive, it was highly damaging to Woolbright's veracity, which was the central issue in the case (DN 73 PageID # 1107-08).

A reviewing court must consider a prosecutor's remarks "within the context of the entire trial to determine whether any improper remarks resulted in prejudicial error."   Cristini, 526 F.3d at 899 (citing United States v. Young, 470 U.S. 1, 17-19 (1985) (additional citations omitted)). "Prosecutors can argue the record, highlight any inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence."   Id.   It is "patently improper," however, for a prosecutor to either "comment on the credibility of a witness or to express a personal belief that a particular witness is lying."   Hodge v. Hurley, 426 F.3d 368, 378 (6th Cir. 2005) (citing Young, 470 U.S. at 17-19) (additional citations omitted)).

Even so, the United States Supreme Court clarifies that a reviewing court "must not only weigh the impact of the prosecutor's remarks, but must also take into account defense counsel's

23

opening salvo." Young, 470 U.S. at 11-12.  This "invited response" rule excuses an otherwise improper remark by the prosecution if the remark was "invited" and "did no more than respond substantially in order to 'right the scale.'"   United States v. Henry, 545 F.3d 367, 381 (6th Cir. 2008) (quoting Young, 470 U.S. at 12-13).

Here, in his closing remarks, defense counsel referred to inconsistent statements made by Woolbright and explained to the jury: "[Woolbright] could be telling the same thing, each item to be true and people take only one part of it (gesturing to prosecution table), they make you look like you're telling a lie."  (DN 21, Trial Record at 3/20/2003 14:41:42).  Defense counsel was attempting to rehabilitate Woolbright's inconsistent statements by accusing the prosecution of making Woolbright look like a liar.  The prosecutor responded at the beginning of her closing argument that "[defense counsel] makes a reference to our side trying to make the defendant look like a liar.  I don't think we had to do that; I think he kind of did that himself." (Id. at 3/20/2003 14:48:50).  The undersigned finds the prosecutor's response was reasonable in light of defense counsel's accusation because Woolbright's defense counsel invited this response and the response was brief, only attempting to "right the scale" after defense counsel's accusation.

The undersigned also finds the remarks do not constitute prosecutorial misconduct under the four-factor test from Cristini.  These four factors are: (1) whether the conduct and remarks of the prosecutor tend to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong.  Cristini, 526 F.3d at 899 (quoting United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001) (additional citations omitted)). The undersigned evaluated the first two factors above, finding the prosecutor's isolated remark did not prejudice Woolbright because it was an invited response meant to "right the scale."  The

fourth factor also weighs against Woolbright because the evidence against him in the case was strong; specifically, Woolbright testified that he placed the plastic baggie into Tibbs' throat and took the drugs off Tibbs' person.  Although the third factor weighs in favor of prosecutorial misconduct since the prosecution's response was presumably deliberate, this factor is not enough on its own to prove Woolbright's claim has "some merit."

Because trial counsel "invited" this response by making accusations toward the prosecution and because the factors from Cristini weigh against prosecutorial misconduct, the undersigned finds it was appropriate for trial counsel to not object to the prosecutor's statement and IATC claim No. 6 is therefore not "substantial."  *See* Martinez, 132 S.Ct. at 1318-19.

The undersigned will now address the question of whether Woolbright can demonstrate ineffective assistance of appointed counsel during the initial-review collateral proceedings.   With respect to the performance component, for the reasons set forth above, Woolbright has failed to demonstrate the substantial nature of IATC claim No. 6.   In light of this determination, Woolbright cannot overcome the presumption that, under the circumstances, the failure to present IATC No. 6 in a supplemental memorandum, might be considered sound strategy.   Strickland, 466 U.S. at 689-690.   Moreover, Woolbright cannot demonstrate there is a reasonable probability that, but for appointed counsel's failure to present IATC No. 6 in a supplemental memorandum, the result of the Rule 11.42 proceeding would have been different.   Id. at 694.

In sum, Woolbright has failed to demonstrate: (1) ineffective assistance of his post-conviction counsel and (2) the "substantial" nature of his underlying IATC claim.   Because Woolbright has failed to demonstrate these two elements, he has not established "cause" to excuse his procedural default of IATC No. 6 before the Barren Circuit Court.   Therefore, the undersigned concludes that federal review of IATC No. 6 is barred.

25

3. Certificate of Appealability

In <u>Slack v. McDaniel</u>, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds.  529 U.S. 473, 484-85 (1000).  To satisfy the first prong of the <u>Slack</u> test, Woolbright must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  <u>Id.</u> at 484.  As for the second prong, Woolbright must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>

Here, as to IATC claim Nos. 4 and 6, a plain procedural bar is present.  For all of the reasons set forth above, jurists of reason would not find it debatable whether Woolbright has stated a valid claim of the denial of a federal constitutional right.  <u>Id.</u>  The undersigned, therefore, recommends that a Certificate of Appealability be denied as to IATC claim Nos. 4 and 6 set forth in Woolbright's habeas petition.

<u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that IATC claim Nos. 4, 6, 8, and 12 in Woolbright's § 2254 petition be **DENIED** and the petition be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED** as to IATC claim Nos. 4, 6, 8, and 12 in Woolbright's § 2254 petition.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed or further appeal is waived.   <u>Thomas v. Arn</u>, 728 F.2d 813 (6th Cir.), <u>aff'd</u>, 474 U.S. 140 (1984).

Copies:        Gary R. Woolbright
               Counsel