FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2017 AUG 18 PM 12:56

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | | |
|---|---|---|
| GARY WOOLBRIGHT, | ) | |
| Petitioner, | ) | |
| vs. | ) | CIVIL ACTION NO. : |
| COOKIE CREWS, WARDEN, | ) | 1:12CV-00080-GNS |
| Respondent. | ) | |

**MOTION TO HOLD ACTION IN ABEYANCE PENDING RESOLUTION OF STATE POST-CONVICTION PROCEEDING INVOLVING NEW RULE OF CRIMINAL PROCEDURE-UNDER RCR 11.42(7)**

Comes the pro se Petitioner, Gary R. Woolbright, and for the reasons set forth below, respectfully moves this Honorable Court to hold this action in abeyance pending resolution of state court post-conviction proceedings which are now available to Petitioner, involving a new "gate-way" rule of criminal procedure, Rule RCr 11.42(7), authorizing all state circuit courts to, re-open direct appeals when a defendant has made a "substantial" showing of ineffective assistance of direct appeal counsel.

PREFATORY STATEMENT

Petitioner respectfully requests this Court take judicial notice of the attached "Exhibit A." As the Court will notice therein, this revised criminal rule, under §(7), now provides Petitioner an additional, available state remedy to

utilize for complete exhaustion of, several claims now before this Honorable Court. Namely, the allegedly procedurally defaulted claims, regarding ineffective assistance of direct appeal counsel & the denial of due process of law, regarding the state not providing Petitioner with "notice" and an opportunity to be heard in defense to, the uncharged offense of wanton murder.

## PROCEDURAL BACKGROUND

The procedural background was sufficiently stated recently within the Honorable Magistrate Judge's R & R, and therefore, it will not be recited here. However, Petitioner would ask that, this Court take notice of the procedural ruling issued therein by the M.J. @ p.6. That is, therein the M.J. reaffirmed what he had previously stated: "More specifically, citing Coleman v. Thompson, 501 U.S. 722, 752 (1991), the undersigned concluded that Woolbright could not establish cause with a claim that he received ineffective assistance of appellate counsel during the collateral attack appeal to the Kentucky Court of Appeals (Id. PageID # 905-07)." Id.

## REQUEST TO HOLD HABEAS PROCEEDING IN ABEYANCE

In an abundance of caution, Petitioner believes it prudent tc present a question whether the instant action should be held in abeyance pending resolution of the state court post-conviction proceeding referenced above. In reality

Petitioner would prefer that the instant action proceed forthwith, under the correct finding of fact that, the above mentioned claims, were not properly exhausted due to the ineffective assistance of Petitioner's trial counsel, whom was also, his direct appeal counsel in the Kentucky Supreme Court. Wherein he could not ethically raise his own IAC, against himself, nor the due process claim, because that was also unethical under Kentucky's preclusionary rules and Supreme Court precedent. However, there is no-doubt that, the due process claim (Failure to give notice of the uncharged offense of wanton murder) was a "substantial" claim warranting automatic reversal of the unconstitutional conviction for the un-charged capital offense. And, it was also, much more valid, and meritorious than any other claims presented by counsel within his direct appeal brief on behalf of Petitioner. Accordingly, Petitioner should be entitled to have his claim heard on the merits. Yet, if this Honorable Court feels it relevant and correct for Petitioner to give the state court the fair opportunity, utilizing this new procedural rule under RCr 11.42(7), Petitioner would gladly do so.

Petitioner has established under the standard set out in Rhines v. Weber, 544 U.S. 269 (2005), that he is entitled to a stay and abey.

In Rhines, the High Court held:

[I]t likely would be an abuse of discretion

> for a district court to deny a stay and dismiss a mixed petition if the Petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. Such a Petitioner's interest in obtaining federal review of his claims outweighs the competing interest in fanality and speedy resolution of federal petitions.

Id., 544 U.S. at 278.

Respondent's counsel may argue that, any such future filing does not make this present petition, a mixed petition for the purpose of this motion and request, but, Petitioner should not be required to make a futile effort if this Honorable Court would not allow the state process to be completed, for full and fair presentation under the new rule. Therefore, Petitioner would respectfully request a stay, and for the Court to allow him approximately 45 days to perfect and file said state post-conviction RCr 11.42, and at that time, continue the stay until said process is fully complete prior to allowing Petitioner to return to this Court to have his claims heard on the merits.

CONCLUSION

Petitioner has suffered a manifest injustice by virtue of the wrongful conviction for the un-charged capital offense, and, as a result of the extreme malfunction in the state criminal justice system. Such a malfunction is manifest within the record in this case. The amended rule, RCr 11.42 came

about long after Hollon v. Commonwealth, 334 S.W.3d 431-36 (Ky. 2010); which also, did not exist at the time of the initial RCr 11.42 Petitioner filed pro se. Therefore, the proceeding now authorized under §(7) would allow Petitioner to seek reinstatement of his direct appeal, and have this due process claim addressed by the state's High Court. If such a procedure is viable and appropriate remedy for exhaustion, Petitioner respectfully requests he be given the opportunity to pursue said action back in the state courts.

Respectfully submitted,

Gary Woolbright

Gary R. Woolbright, #163440
Honor Dorm 11
Kentucky State Reformatory
3001 W Hwy 146
LaGrange, Ky 40032

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was mailed, first class U.S. Postage prepaid, for filing this 14th day of August, 2017, to the United States District Court Clerk, for the Western District of Kentucky, Room 120, William Natcher U.S. Courthouse, 241 East Main Street, Bowling Green, Kentucky 42101-2175, and to:

Hon. Andy Beshear, Ky., A.G.
1024 Capitol Center Drive, Frankfort, Ky 40601

Gary Woolbright

Gary R. Woolbright
Pro se