UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12CV-00080-GNS

GARY R. WOOLBRIGHT                                                                                      PETITIONER

VS.

COOKIE CREWS, Warden                                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Gary R. Woolbright has filed, *pro se*, a motion for leave to amend and/or supplement appointed counsel's post-hearing brief (DN 109) and a motion for enlargement of time to file objections to the magistrate judge's report and recommendation (DN 110). Woolbright has included with his *pro se* motions the proposed *pro se* post-hearing brief and various attachments (DN 109-1 PageID # 1449-60, 1461-74; DN 110-1). Respondent Cookie Crews has filed a motion to strike and objections to both motions (DN 111, 112, 113). Woolbright's time for filing replies in support of his motions has expired.

## CASE BACKGROUND

Woolbright is seeking leave to file a *pro se* supplemental memorandum that further develops his argument in support of two claims that arise out of a purported fatal variance and/or constructive amendment of the indictment that charged him with intentional murder (DN 109-1 PageID # 1449-60). The first claim alleges a violation of his Sixth Amendment right to effective

assistance of counsel arising out of trial counsel's failure to object to an instruction that allowed the jury to find him guilty of intentional or wanton murder[1] (Id.). The second claim alleges a violation of his Fifth Amendment right arising out of the trial judge giving the instruction that allowed the jury to find him guilty of intentional or wanton murder (Id.).

Woolbright raised these two claims in his *pro se* habeas petition (DN 1). Specifically, the ineffective assistance of trial counsel (IATC) claim is set forth in Claim 10 of Ground 1 (DN 1, PageID # 23). The Fifth Amendment claim is set forth in Grounds 2 and 3 (DN 1, PageID # 24).

The undersigned previously concluded that federal review of Claim 10 of Ground 1 and Grounds 2 and 3 is barred because they were procedurally defaulted in the state courts and Woolbright had failed to demonstrate cause and prejudice (DN 35 FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION). The District Judge adopted the undersigned's Findings of Fact and Conclusions of Law, denied Woolbright's habeas petition, and denied a certificate of appealability as to all claims in Woolbright's habeas petition (DN 37).

The Sixth Circuit did not issue a certificate of appealability as to the Fifth Amendment claim in Grounds 2 and 3. It did issue a certificate of appealability as to Claim 10 and six other IATC claims in Ground 1 (DN 49). However, the Sixth Circuit subsequently affirmed the district court's ruling with regard to Claim 10 because it had been presented to the trial court in the Rule 11.42 motion but had not been pursued in the collateral attack brief to the Kentucky Court of Appeals (DN 49 PageID # 995-96). Thus, the Sixth Circuit did not reverse this Court's ruling that federal review is barred as to Grounds 2 and 3 and Claim 10 of Ground 1.

The Sixth Circuit remanded only four IATC claims to this Court for further consideration in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911, 1921

---

1 The jury found Woolbright guilty of wanton murder.

(2013) because those four IATC claims had not been presented to the state trial court in Woolbright's Rule 11.42 motion (DN 49-2). The District Judge appointed counsel to represent Woolbright (DN 58, 61) and, at the undersigned's direction (DN 62), counsel for the parties submitted supplemental memoranda on this limited issue (DN 71, 72, 73). After reviewing the memoranda, the undersigned determined that an evidentiary hearing and certain discovery should be conducted to further develop the record (DN 74, 93). The undersigned conducted an evidentiary hearing on March 28, 2017 (DN 96, 97, 98). At the close of the evidentiary hearing, counsel for the parties indicated they would not be submitting any post-hearing briefs (DN 97).

Prompted by Woolbright's testimony during the evidentiary hearing, the undersigned directed the parties to submit supplemental memoranda and additional materials from the state court record addressing the question of whether the Barren Circuit Court authorized Woolbright to file on February 18, 2009, a *pro se* supplement to his Rule 11.42 motion (DN 100). The parties, through their memoranda and supporting evidence, responded in the affirmative to that question (DN 103, 104, 105, 106).

The undersigned recently issued a report and recommendation addressing the four IATC claims that the Sixth Circuit remanded for further proceedings in light of *Martinez* and *Trevino* (DN 108). The undersigned recommended that the four IATC claims (Nos. 4, 6, 8, and 12), in Ground 1 of Woolbright's § 2254 petition, be denied and that the petition be dismissed (Id.). The undersigned also recommended that a certificate of appealability be denied as to these IATC claims (Id.).

DISCUSSION

1. Woolbright's Motion For Leave To Amend And/Or Supplement Appointed Counsel's Post-Hearing Brief

Woolbright's *pro se* motion and proposed *pro se* memorandum are mistitled. He is not seeking leave of court to supplement an argument in his appointed counsel's post-hearing brief (DN 109-1). Rather, Woolbright is attempting to submit a *pro se* argument in support of two claims he raised in his *pro se* habeas petition (DN1 PageID # 23, 24). Under the law of the case doctrine, the Court's earlier ruling regarding these claims has become the law of the case for subsequent stages of this litigation. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994). Further, Woolbright has not identified any of the limited circumstances that would warrant a reopening of the earlier ruling that federal review is barred as to these claims. Id.; Petition of United States Steel Corp., 479 F.2d 489, 494 (6th Cir.1973); Wilson v. United States, Crim. Case No. 10-20034 and Civ. Case No. 12-15297, 2013 WL 1858564, at *3 (E.D.Mich. May 2, 2013).

Additionally, the undersigned agrees with Crews' argument that Woolbright should not be filing this *pro se* motion because he has appointed counsel (DN 111-1). Therefore, the undersigned will deny Woolbright's *pro se* motion for leave to amend and/or supplement appointed counsel's post-hearing brief (DN 109). However, the undersigned will not grant Crews' motion to strike Woolbright's motion from the record (DN 111).

2. Woolbright's Motion For Enlargement Of Time To File Objection To The Magistrate Judge's Report And Recommendation

The undersigned agrees with Crews' argument that Woolbright should not be filing this *pro se* motion because he has appointed counsel (DN 111-1). Notably, Woolbright's appointed counsel has timely filed, on Woolbright's behalf, objections to the undersigned's report and

recommendations (DN 115). As a result, the undersigned will deny Woolbright's motion for enlargement of time to file objections to the magistrate's report and recommendation (DN 110). However, the undersigned will not grant Crews' motion to strike Woolbright's motion from the record (DN 111).

**IT IS HEREBY ORDERED** that Woolbright's *pro se* motion for leave to amend and/or supplement appointed counsel's post-hearing brief (DN 109) is **DENIED.**

**IT IS FURTHER ORDERED** that Woolbright's *pro se* motion for enlargement of time to file objections to the magistrate judge's report and recommendation (DN 110) is **DENIED.**

**IT IS FURTHER ORDERED** that Crews' motion to strike Woolbright's motions from the record (DN 111) is **DENIED.**

**IT IS FURTHER ORDERED** that Crews' objections to Woolbright's motions (DN 112, 113) are **SUSTAINED.**

Copies:    Gary R. Woolbright, *pro se*
             Counsel