UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12CV-00080-GNS

GARY R. WOOLBRIGHT                                                                PETITIONER

VS.

COOKIE CREWS, Warden                                               RESPONDENT

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Petitioner Gary R. Woolbright has filed, *pro se*, a motion (DN 123) that seeks relief, under Fed. R. Civ. P. 60(b)(6), from the Court's final judgment (DN 35, 37, 38) and seeks leave, under Fed. R. Civ. P. 15(a), to amend his petition for writ of habeas corpus (DN 1). Respondent Cookie Crews has filed an objection to both motions (DN 128). The time for filing a reply memorandum has expired. For the reasons set forth below, the undersigned recommends that Woolbright's motion be denied.

### FINDINGS OF FACT

Count 1 in the Indictment charged Woolbright with violating KRS 507.020 (DN 123-1 PageID # 1626). In pertinent part the Indictment reads, "THE GRAND JURY CHARGES that on or about November 14, 2001, in Barren County, Kentucky, [Woolbright] committed the crime of

MURDER when with the intent to cause the death of Danny Joey Tibbs, he shot and killed Tibbs with a 9 mm pistol" (DN 123-1 PageID # 1627).

In Grounds 2 and 3 of the petition, Woolbright accuses the trial court of violating his Fifth, Sixth, and Fourteenth Amendment rights by constructively amending the charge in Count 1 of the indictment (DN 1, PageID # 24; DN 123 PageID # 1609-15). Woolbright alleges the trial court did this by giving an instruction that allowed the jury to find him guilty of intentional or wanton murder (DN 1, PageID # 24-27). Woolbright asserts that he has been prejudiced because the jury found him guilty of wanton murder[1] (Id.).

In Part 10 of Ground 1, Woolbright argued that he received ineffective assistance of trial counsel (IATC) because his trial counsel failed to object to the trial court's constructively amending the charge in Count 1 of the indictment (DN 1 PageID # 23). In Part 11 of Ground 1, Woolbright asserted that he received ineffective assistance of trial counsel because trial counsel failed to object to the jury's verdict on the ground that its finding he was guilty of wanton murder was not unanimous (Id.).

In a report and recommendation filed on April 19, 2013, the undersigned concluded that federal review of the claims in Grounds 2 and 3 was barred because they were procedurally defaulted in the state courts and Woolbright had failed to make a cause and prejudice argument to excuse the procedural defaults (DN 35 PageID # 907-08). The undersigned also found that federal review of the IATC claims in Parts 10 and 11 of Ground 1 was barred because Woolbright

---

[1] Woolbright, in making this argument, overlooks his own testimony at trial that indicates he accidently shot the victim while pointing the loaded gun at the back of the victim's head. Woolbright v. Commonwealth, No. 2003-SC-0368-MR, 2005 WL 2045485, at *1-2 (Ky. Aug. 25, 2005). Further, Woolbright turns a blind-eye to dictum in a subsequent Kentucky Court of Appeals' opinion indicating that the trial court's decision to instruct the jury on wanton murder was proper given the facts of the case, where Woolbright admitted pointing a loaded gun at the back of the victim's head. Woolbright v. Commonwealth, No. 2009-CA-001689-MR, 2011 WL 1327362, at *4 (Ky. App. Apr. 11, 2011).

did not fairly present these federal constitutional claims in his collateral attack brief to the Kentucky Court of Appeals and he had failed to demonstrate cause and prejudice to excuse the procedural defaults (Id. PageID #903-04). In reaching this conclusion, the undersigned acknowledged Woolbright's argument that his post-conviction appellate counsel failed to present these IATC claims in his appeal to the Kentucky Court of Appeals (Id. PageID # 904-05). The undersigned concluded that Woolbright could not use a claim of ineffective assistance of post-conviction appellate counsel to establish "cause" for these procedural defaults (Id. PageID # 905-06). The undersigned noted that throughout his pleadings, Woolbright also mentioned ineffective assistance of counsel on direct appeal (DN 35 PageID # 905). However, upon further review of those pleadings, the undersigned concluded that Woolbright was actually referring to ineffective assistance by his post-conviction appellate counsel (Id.). Thus, contrary to Woolbright's assertion (DN 123 PageID # 1608), the record shows that he did not raise a claim of ineffective assistance of direct appeal counsel with regard to the procedural default of these IATC claims in Parts 10 and 11 of Ground 1.

The District Judge adopted the undersigned's Findings of Fact and Conclusions of Law, denied Woolbright's habeas petition, and denied a certificate of appealability (DN 37). Additionally, the District Judge issued a final judgment in favor of Crews and dismissing with prejudice Woolbright's petition (DN 38).

Woolbright filed a notice of appeal (DN 39) and moved the Court for a certificate of appealability (DN 40). The District Judge transferred the motion to the Sixth Circuit for consideration (DN 44). The Sixth Circuit subsequently issued an order addressing Woolbright's motion for a certificate of appealability (DN 46). In pertinent part, the Sixth Circuit's order recognized that the claims in Grounds 2 and 3 "could have been brought on direct review" and,

thus, "any failure of post-conviction counsel does not provide cause for their default" (DN 46 PageID # 976-77). The Sixth Circuit concluded that "reasonable jurists could not debate that these claims are barred from habeas review" (Id. at 977). Therefore, the Sixth Circuit denied Woolbright's application for a certificate of appealability as to the claims in Grounds 2 and 3 (Id. PageID # 978-79).

The Sixth Circuit issued a certificate of appealability as to seven IATC claims in Ground 1 of Woolbright's petition (DN 46, 49). After the parties submitted briefs regarding the seven IATC claims, the Sixth Circuit issued an opinion (DN 49). The Sixth Circuit affirmed the district court's ruling that federal review was barred as to the IATC claims in Parts 2, 10 and 11 of Ground 1 because they were raised in Woolbright's Rule 11.42 motion but not presented to the Kentucky appeals courts and Woolbright failed to demonstrate cause and prejudice to excuse this procedural default before the state courts (DN 49 PageID # 995-96). Notably, the Sixth Circuit rejected Woolbright's efforts to preserve any future argument that the holdings in Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, ___ U.S. ___, 133 S.Ct. 1911 (2013) should be extended to using ineffective assistance of post-conviction appellate counsel to establish "cause" because it noted that the Supreme Court indicated the holding in Martinez did not apply to attorney errors in appeals from initial-review collateral proceedings (DN 49 PageID # 996, citing Martinez, 566 U.S. at 16).

The Sixth Circuit reversed the district court's ruling on four of Woolbright's IATC claims and remanded for further proceedings[2] (DN 49 PageID # 998). Notably, the Sixth Circuit's judgment indicates that "the judgment of the district court is AFFIRMED IN PART, REVERSED

---

2 The four IATC claims are addressed in the undersigned's report and recommendation filed on July 24, 2017 (DN 108).

4

IN PART, and the case is REMANDED for further proceedings consistent with the opinion of this court" (Id. PageID # 999). Thus, the Sixth Circuit affirmed this Court's judgment with regard to the claims in Grounds 2 and 3 and the IATC claims in Parts 10 and 11 of Ground 1.

Woolbright's current motion (DN 123) seeks relief, under Fed. R. Civ. P. 60(b)(6), from the Court's final judgment (DN 38) and seeks leave of court, under Fed. R. Civ. P. 15(a), to amend his petition (DN 1). Woolbright purportedly wants to attack the Court's erroneous procedural default rulings that precluded a merits determination of his claims in Grounds 2 and 3 and his IATC claims in Parts 10 and 11 of Ground 1 (DN 123).

More specifically, as to the claims in Grounds 2 and 3 of the petition, Woolbright wants to argue ineffective assistance of appellate counsel on direct appeal to establish "cause" for his failure to raise them on direct appeal (DN 123 PageID # 1609-15). Woolbright makes a bare assertion that the undersigned disregarded his previous attempt to establish "cause" with a claim of ineffective assistance of counsel on direct appeal (Id. PageID # 1608). Woolbright intends to argue that the "prejudice" requirement is satisfied because the trial court's constructive amendment to Count 1 of the indictment is a structural error that requires an automatic reversal (Id.).

Additionally, Woolbright wants to use a claim of ineffective assistance of post-conviction appellate counsel to establish "cause" for his failure to present to the Kentucky Court of Appeals the IATC claims in Parts 10 and 11 of Ground 1 (Id. PageID # 1615-22). Essentially, Woolbright is arguing that the holdings in Martinez and Trevino should be extended to claims of ineffective assistance of post-conviction appellate counsel (Id.). He also seems to be arguing that the holdings in Martinez and Trevino should be extended to allow him to assert ineffective assistance of post-conviction appellate counsel as a ground for relief (Id.).

5

## CONCLUSIONS OF LAW

## WOOLBRIGHT'S MOTION FOR RELIEF UNDER RULE 60(b)(6)

Woolbright contends that he is entitled to relief from the Court's final judgment because his proposed amendments to the petition merely assert that a previous ruling which precluded a merits determination of these claims was in error (DN 123 PageID # 1606-07). By contrast, Crews argues that Woolbright is not entitled to relief under Rule 60(b)(6) because there is no final judgment in this case (DN 128 PageID # 1697).

For the reasons set forth above, there is a final judgment with regard to the claims set forth in Grounds 2 and 3 and the IATC claims set forth in Parts 10 and 11 in Ground 1 of the petition. Therefore, the undersigned will address the question of whether Woolbright is entitled to relief under Rule 60(b)(6).

Rule 60(b) allows a movant to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances set out in subparts (1)-(5) which includes mistake, newly discovered evidence, and fraud. Gonzales v. Crosby, 545 U.S. 524, 528 (2005). Subpart (6) of Rule 60(b), the particular provision under which Woolbright brought his motion, is a catch-all provision that provides relief from a final judgment when the movant shows "any other reason that justifies relief." Id.

The Sixth Circuit has instructed that relief under Rule 60(b) "is circumscribed by public policy favoring finality of judgments in termination of litigation." McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750 (6th Cir. 2013) (citations omitted). This is especially true in an application of subsection (6) of Rule 60(b), which applies only in extraordinary circumstances which are not addressed by the first five numbered clauses of the rule. Gonzalez,

545 U.S. at 535; McGuire, 738 F.3d at 750 (relief under subsection (6) is limited to "unusual and extreme situations where principles of equity *mandate* relief") (citations omitted). The Supreme Court has explained that "[s]uch circumstances will rarely occur in the habeas corpus." Gonzalez, 545 U.S. at 535. The Supreme Court has instructed that courts may consider a wide range of factors in determining whether extraordinary circumstances are present. Buck v. Davis ___ U.S. ___, 137 S.Ct. 759, 778 (2017). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." McGuire, 738 F.3d at 750 (citations omitted).

Rule 60(b) may be a viable avenue for relief from a final judgment in a habeas corpus case, under 28 U.S.C. § 2254, to the extent that it is not inconsistent with the statutory provisions governing the filing of second or successive habeas corpus petitions found at 28 U.S.C. § 2244(b)(1)-(3). Gonzales v. Crosby, 545 U.S. 524, 528-29, 534 (2005). Thus, whenever a Rule 60(b) motion is filed in the context of a § 2254 case, courts must consider whether the motion is in substance a second or successive habeas corpus petition. Gonzalez, 545 U.S. at 529; Majors v. Sexton, No. 3:13-CV-0543, 2015 WL 5616732, at *1 (M.D. Tenn. Sept. 23, 2015).

"A Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'" Post v. Bradshaw, 422 F.3d 419, 424 (6th Cir. 2005) (quoting Gonzalez, 545 U.S. at 530-32). "[A] 'claim' . . . is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 545 U.S. at 530. In Gonzalez, the Supreme Court provided some examples of instances where a Rule 60(b)(6) motion contained a "claim." 545 U.S. at 530-32. The examples included a Rule 60(b)(1) motion that sought leave to

7

present a claim of constitutional error that had been omitted from the petition due to "excusable neglect." Id. at 530-31. Another example was a Rule 60(b)(2) motion that sought leave to present "newly discovered evidence" in support of a claim previously denied. Id. A third example was the assertion in a Rule 60(b)(6) motion that a subsequent change in substantive law provided a "reason that justifies relief" from the previous denial of a claim. Id. Further, a Rule 60(b) motion can be said to "bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas corpus relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas corpus relief." Id. at 532. The Supreme Court explained that the term "on the merits" referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Gonzalez, 545 U.S. at 532 n. 4.

The above examples are distinguishable from a Rule 60(b) motion that attacks, "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. at 532. "Fraud on the federal habeas corpus is one example of such a defect." Id. at 532 n. 5. However, the Court qualified its explanation with the following comment:

> We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g.*, *supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

Id. at 532 n. 5. Thus, the Supreme Court has clearly indicated a Rule 60(b) motion that arises out of an omission by a movant, or his habeas counsel, does not challenge the integrity of the proceedings, rather it seeks a second opportunity to have the merits determined favorably. *See* Id.

Additionally, it is well settled in the Sixth Circuit that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014).

1. The Claims in Grounds 2 and 3

Woolbright's petition identified the claims in Grounds 2 and 3 and asserted that he fairly presented them to the state courts in his Rule 11.42 post-conviction relief motion (DN 1 PageID # 24-32). Woolbright asserted ineffective assistance of direct appeal counsel but in the context of failing to present IATC claims on direct appeal (Id. PageID # 31-32). Crews responded to the claims in Grounds 2 and 3 by arguing that they were procedurally defaulted because Woolbright did not raise them on direct appeal (DN 20 PageID #159-161).

In a supplemental memorandum, Woolbright did not dispute Crews' assertion that he failed to present the claims on direct appeal (DN 30 PageID # 710-17). Instead, Woolbright argued that he fairly presented them in his Rule 11.42 motion but acknowledged they were not included in the collateral attack appellate brief submitted to the Kentucky Court of Appeals (Id.). Woolbright asserted that this omission was the product of ineffective assistance of appellate counsel and that the Kentucky Court of Appeals would not allow him to rectify the mistake by filing a *pro se* brief that included the claims (Id.).

Crews responded by again arguing that Woolbright procedurally defaulted the claims in Grounds 2 and 3 by failing to raise them on direct appeal, and he failed to demonstrate cause and prejudice to excuse the procedural default (DN 32 PageID # 771-76). Additionally, citing Coleman v. Thompson, 501 U.S. 722 (1991), Crews asserted that Woolbright cannot use a claim of ineffective assistance of appellate counsel in collateral attack proceedings to excuse a procedural default arising out of the failure to present claims in a Rule 11.42 appeal (Id. PageID # 767-71).

9

In reply, Woolbright argued that he did the best that he could to fairly present these claims to the state courts but his efforts were hamstrung by ineffective assistance from appellate counsel in his Rule 11.42 appeal and the unwillingness of the Kentucky Court of Appeals to allow him to rectify the problem by filing a *pro se* brief that included the claims (DN 33 PageID # 792-805).

As previously indicated, the undersigned concluded that federal review of the claims in Grounds 2 and 3 was barred because they were procedurally defaulted in the state courts, and Woolbright had failed to make a cause and prejudice argument to excuse the procedural defaults[3] (DN 35 PageID # 907-08). Additionally, contrary to Woolbright's assertion (DN 123 PageID # 1608), the record shows that he did not raise a claim of ineffective assistance of direct appeal counsel with regard to the procedural default of the claims in Grounds 2 and 3.

When the Sixth Circuit denied Woolbright's application for a certificate of appealability, it explained that the claims in Grounds 2 and 3 could have been brought on direct appeal (DN 46 PageID # 976-77). The Sixth Circuit indicated for this reason "any failure of post-conviction counsel does not provide cause for their default" (Id.).

With regard to Grounds 2 and 3 in the petition, Woolbright's Rule 60(b)(6) motion has not identified an error in the previous procedural default ruling. Rather, his attack on the judgment is based on his own conduct or omission. Specifically, despite Crews bringing the matter to his attention and his having several opportunities to do so, Woolbright did not raise before this Court a claim of ineffective assistance of direct appeal counsel as "cause" for the procedural default of these claims before the state courts. Now that the Sixth Circuit has denied his application for a certificate of appealability and Woolbright understands his mistake, he wants a "do over."

---

3 Contrary to Woolbright's assertion (DN 123 PageID # 1608), the record shows that he did not raise a claim of ineffective assistance of direct appeal counsel with regard to the procedural default of the claims in Grounds 2 and 3 in the petition.

Clearly, Woolbright is not challenging the integrity of the federal habeas proceeding. Instead, he is asking for a second chance to overcome the procedural default so that he can have the merits determined favorably. For these reasons, the undersigned concludes that Woolbright's Rule 60(b)(6) motion is the equivalent of a successive habeas petition with regard to Grounds 2 and 3 in the petition and recommends that the motion be denied.

   2.  The IATC Claims in Parts 10 and 11 of Ground 1

Woolbright's petition identified the IATC claims set forth in Parts 10 and 11 of Ground 1 (DN 1 PageID # 23). Crews responded to both IATC claims by arguing they were procedurally defaulted before the state courts because Woolbright failed to raise them in his Rule 11.42 appeal (DN 20 PageID #158-59). Woolbright's supplemental memorandum acknowledged that the IATC claims were fairly presented in his Rule 11.42 motion but not included in his Rule 11.42 appeal to the Kentucky Court of Appeals (DN 30 PageID # 710-53). Woolbright blamed his appointed appellate counsel for the omission and argued that the Kentucky Court of Appeals would not allow him to rectify counsel's mistake by filing a *pro se* brief that included the claims (Id.).

Crews again responded that both IATC claims were procedurally defaulted because they had not been raised in Woolbright's Rule 11.42 appeal (DN 32 PageID # 767-71, 788-89). Citing Coleman, Crews asserted that Woolbright could not use a claim of ineffective assistance of appellate counsel to excuse the procedural default that occurred in Woolbright's Rule 11.42 appeal (Id.). In reply, Woolbright argued that he did the best that he could to fairly present the claims to the state courts but his efforts were hamstrung by ineffective

assistance from appellate counsel in his Rule 11.42 appeal and the unwillingness of the Kentucky Court of Appeals to allow him to rectify the problem by filing a *pro se* brief that included the claims (DN 33 PageID # 792-805).

The undersigned found that federal review of the IATC claims in Parts 10 and 11 of Ground 1 was barred because Woolbright did not fairly present them to the Kentucky Court of Appeals in his Rule 11.42 appeal, and he could not use a claim of ineffective assistance of post-conviction appellate counsel to establish "cause" for these procedural defaults4 (DN 35 PageID #903-06). The Sixth Circuit affirmed this procedural ruling because the holdings in Martinez and Trevino do not apply to attorney errors in appeals from initial-review collateral proceedings (DN 49 PageID # 995-96, citing Martinez, 566 U.S. at 16). For the same reason, the Sixth Circuit rejected Woolbright's efforts to preserve any future argument that Martinez and Trevino should be extended to ineffective assistance of post-conviction appellate counsel (Id. PageID # 996).

With regard to the IATC claims in Parts 10 and 11 of Ground 1, Woolbright's Rule 60(b)(6) motion has not identified an error in the previous procedural default ruling. Rather, he simply wants a "do over" with regard to an argument that has already been considered and soundly rejected by the Sixth Circuit. Clearly, Woolbright is not challenging the integrity of the federal habeas proceeding. Instead, he is asking for a second chance to overcome the procedural default so that he can have the merits determined favorably. For these reasons, the undersigned concludes that Woolbright's Rule 60(b)(6) motion is the equivalent of a successive habeas petition with regard to Grounds 2 and 3 in the petition and recommends that the motion should be denied.

---

4  Contrary to Woolbright's assertion (DN 123 PageID # 1608), the record shows that he did not raise a claim of ineffective assistance of direct appeal counsel with regard to the IATC claims in Parts 10 and 11 of Ground 1.

## WOOLBRIGHT'S MOTION FOR LEAVE TO AMEND

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a petition for writ of habeas corpus, under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2242 Para. 3 (an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Hodges v. Rose, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpuses governed by 'the rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242). Rule 15(a)(2) applies to Woolbright's motion because more than 21 days have passed since Crews served his response to the original petition. *See* Fed. R. Civ. P. 15(a)(1)(A) and (2).

Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires. *See* Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995). In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)).

The undersigned recommends denying Woolbright's motion for leave to amend with regard to the proposed amendment to Grounds 2 and 3. Specifically, he wants to present a claim of ineffective assistance of direct appeal counsel in order to demonstrate "cause" for the failure to present the claims in Grounds 2 and 3 to the Supreme Court of Kentucky on direct appeal. However, the circumstances set forth above clearly establish that there has been undue delay in Woolbright's asserting this proposed claim of ineffective assistance of direct appeal counsel.

The undersigned recommends denying Woolbright's motion for leave to amend with regard to the IATC claims in Parts 10 and 11 of Ground 1. More specifically, Woolbright wants to assert a claim of ineffective assistance of post-conviction appellate counsel to establish "cause" for his failure to present in his Rule 11.42 appeal the IATC claims in Parts 10 and 11 of Ground 1 (Id. PageID # 1615-22). Unquestionably, this proposed amendment is futile as a matter of law. The Sixth Circuit has already found it without merit in light of the Supreme Court's holdings in Martinez and Trevino (DN 49 PageID # 995-96, citing Martinez, 566 U.S. at 16).

RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner Gary R. Woolbright's, *pro se*, motion (DN 123) that seeks relief, under Fed. R. Civ. P. 60(b)(6), from the Court's final judgment (DN 38) and seeks leave, under Fed. R. Civ. P. 15(a), to amend his petition for writ of habeas corpus (DN 1) should be **DENIED**.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).


Copies:       Gary R. Woolbright
                Counsel