UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00080-GNS

GARY R. WOOLBRIGHT                                                                          PETITIONER

v.

COOKIE CREWS, Warden                                                                      RESPONDENT

# MEMORANDUM OPINION AND ORDER

The Court considers Petitioner Gary Woolbright's Objections (DN 115, 137) to two Reports and Recommendations ("R&R") (DN 108, 133) issued by Magistrate Judge Brennenstuhl regarding Petitioner's Petition for a Writ of Habeas Corpus (DN 1) and Petitioner's Motion to Reopen and Amend the Petition (DN 123). In addition, Petitioner's Motion for Judicial Notice of Adjudicative Facts (DN 138) is pending. For the following reasons, the Court **OVERRULES** Petitioner's Objections (DN 115, DN 137), **ADOPTS** the Magistrate Judge's R&Rs (DN 108, DN 133), **DENIES** the Petition for Habeas Relief (DN 1), **DENIES** the Motion to Reopen and Amend Petition (DN 123) and **DENIES AS MOOT** Petitioner's Motion for Judicial Notice of Adjudicative Facts (DN 138).

## I.    BACKGROUND

The facts of this case have been fully recited on a number of occasions. Accordingly, the Court will only summarize the facts necessary to adequately address Petitioner's objections.

A.  **State Proceedings**

In March 2003, a jury in Barren Circuit Court convicted Petitioner of wanton murder, receiving stolen property with intent to manufacture methamphetamine, first-degree trafficking of a controlled substance, and first-degree possession of a controlled substance. (R&R 2, DN 108). Petitioner appealed his conviction to the Supreme Court of Kentucky, and the Supreme Court of Kentucky affirmed. (R&R 4, DN 108).

Petitioner then sought post-conviction relief. He filed a *pro se* motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 in Barren Circuit Court, claiming that he received ineffective assistance of trial counsel and seeking to vacate his convictions.[1] (R&R 4, DN 108). The Barren Circuit Court appointed counsel to assist him in the presentation of his claims, but nonetheless denied them. (R&R 4, DN 108). Petitioner's post-conviction appellate

---

[1] Petitioner raised seven claims of ineffective assistance of counsel in his RCr 11.42 motion. (Findings of Fact, Conclusions of Law and Recommendation 5, DN 35 [R&R, DN 35]). The First R&R characterized those claims as follows:

> Claim 1: Trial counsel failed to file a motion to suppress statements [Petitioner] made to Detective Isenberg in violation of his Miranda Rights.
> Claim 2: Trial counsel failed to investigate the circumstances, elements and applicable law pertinent to the charge of possession of stolen property (anhydrous ammonia) with intent to manufacture methamphetamine.
> Claim 3: Trial counsel failed to retain an independent medical expert.
> Claim 4: Trial counsel failed to object to the trial court's amendment of the grand jury indictment from intentional murder to wanton murder.
> Claim 5: Trial counsel failed to request a mistrial on the grounds that the jury's guilty verdict of wanton murder could be considered a unanimous verdict.
> Claim 6: Trial counsel failed to object and request a mistrial under KRE 403 relevant to the introduction of additional firearms not used in the shooting death of the deceased.
> Claim 7: Trial counsel's errors cumulatively prejudiced [Petitioner].

(R&R 5, DN 35).

counsel then appealed the denial of Petitioner's RCr 11.42 motion to the Kentucky Court of Appeals and Kentucky Supreme Court,[2] both of which affirmed. (R&R 4, DN 108).

B. **Federal Proceedings**

Thereafter, Petitioner filed a petition for writ of habeas corpus in which he raised several grounds for habeas relief, the following of which are presently relevant: Grounds 2 and 3, and Parts 4, 6, 8, 10, 11, and 12 of Ground 1. In Grounds 2 and 3, Petitioner asserted that the Barren Circuit Court violated his rights under the United States Constitution when it constructively amended Count 1 of the indictment—the count which charged Petitioner with murder.[3] (R&R 33-34, DN 35; R&R 1-2, DN 133). Parts 4, 6, 8, 10, 11, and 12 of Ground 1 alleged claims of ineffective assistance of trial counsel ("IATC"). (R&R 28-29, DN 35; R&R 5, DN 108). Those Parts allege IATC for the following reasons:

> Part No. 4: Trial counsel failed to interview and call witnesses who allegedly had information regarding the inadmissibility of drug evidence.
> Part No. 6: Trial counsel failed to object and request a mistrial because of prosecutorial misconduct.
> Part No. 8: Trial counsel failed to check the serial numbers of a handgun found at the crime scene when attempting to discern the handgun's owner.

---

[2] On appeal, Petitioner's post-conviction appellate counsel raised the following arguments:

> Claim 1: Trial counsel failed to investigate and provide readily available mitigation evidence to the court at sentencing.
> Claim 2: Trial counsel failed to object to prejudicial evidence.
> Claim 3: Trial counsel failed to retain a forensic expert.
> Claim 4: Trial counsel failed to file a motion to suppress [Petitioner's] statements made during his initial interview with Detective Eldon Isenberg.
> Claim 5: Trial counsel committed numerous errors which cumulatively constitute an ineffective assistance of counsel claim.

(R&R 6-7, DN 35).
[3] Specifically, Petitioner claimed that the Barren Circuit Court committed the alleged constitutional violation when it instructed the jury to return a guilty verdict on the murder count upon a finding that Petitioner committed a killing intentionally or wantonly. (R&R 2, DN 133).

> Part No. 10: Trial counsel failed to object when the trial judge allegedly constructively amended the indictment by instructing the jury that it could convict Petitioner of wanton murder.
> Part No. 11: Trial counsel failed to object on the ground that the jury verdict was not unanimous.
> Part No. 12: Trial counsel failed to raise a double jeopardy objection when Petitioner was charged with both possession and trafficking of a controlled substance.

(R&R 28-29, DN 35). In addition, with the court's leave, Petitioner filed a supplement to his habeas petition, further developing some of his grounds for relief. (R&R 5, DN 108).

In an R&R issued April 18, 2013, Magistrate Judge Brennenstuhl recommended that this Court reject Petitioner's claims, deny his Petition for Habeas Relief, and decline to grant him a certificate of appealability ("COA") as to all of his claims. (R&R 40, DN 35). Specifically, the Magistrate Judge concluded that Petitioner procedurally defaulted: (1) his ineffective assistance of counsel claims when he failed to raise them during each phase of his post-conviction proceedings, (2) Grounds 2 and 3 because he never presented those claims to the state court. (R&R 28, 33-34, DN 35). The Magistrate Judge also found that Petitioner had failed to show cause and prejudice sufficient to excuse his defaults. (R&R 31-34, DN 35).

This Court then adopted the R&R in full, and, shortly thereafter, Petitioner filed a notice of appeal. (R&R 6, DN 108). The Sixth Circuit granted Petitioner a COA on Parts 4, 6, 8, 10, 11, and 12 of Ground 1 of his habeas petition, but declined to issue a COA with respect to Grounds 2 and 3. (R&R 6, DN 108; R&R 3-4, DN 133).

On appeal, the Sixth Circuit reversed in part and affirmed in part this Court's order. (R&R 4-5, DN 133). In reaching this conclusion, the Sixth Circuit noted that, under U.S. Supreme Court precedent, a habeas petitioner's showing of ineffective assistance of initial-review post-conviction counsel can constitute cause sufficient to excuse a procedural default in

some instances.⁴ (R&R 6-10, DN 108). It then reasoned that Petitioner's case presented such an instance and instructed this Court to determine on remand whether ineffective assistance of Petitioner's initial-review post-conviction counsel excuses his procedural default of Parts 4, 6, 8, and 12 of Ground 1. (R&R 9-10, DN 108). The Sixth Circuit also found that ineffective assistance of Petitioner's initial-review post-conviction counsel *could not have caused* his procedural default of Parts 10 and 11 of Ground 1 because he raised those claims in his initial RCr 11.42 motion, and, as a result, Petitioner did not procedurally default those claims until his post-conviction *appellate* counsel failed to raise them on appeal. (R&R 4, DN 133). It then noted that, pursuant U.S. Supreme Court precedent, ineffective assistance of post-conviction *appellate* counsel cannot excuse a procedural default; as a result, the Sixth Circuit affirmed the dismissal of Parts 10 and 11 of Ground 1. (R&R 4-5, DN 133).

Following an evidentiary hearing, the Magistrate Judge issued a Second R&R addressing the question of whether Petitioner's initial-review post-conviction counsel's ineffective assistance caused the procedural default of Parts 4, 6, 8, and 12 of Ground 1. (R&R 10-26, DN 108). In doing so, the Magistrate Judge found that, contrary to the Sixth Circuit's decision, Petitioner—through a series of *pro se* briefs—fairly presented Parts 8 and 12 of Ground 1 during his initial-review post-conviction proceedings. (R&R 11, DN 108). As a result, the Magistrate Judge concluded that ineffective assistance of initial-review post-conviction counsel *could not have caused* the procedural default of those claims.⁵ (R&R 11-12, DN 108). Further, the Magistrate Judge concluded that neither Part 4 nor Part 6 of Ground 1 presented a substantial

---

⁴ In its analysis, the Sixth Circuit relied on *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012).

⁵ In reaching this conclusion, Magistrate Judge Brennenstuhl employed the same reasoning that the Sixth Circuit utilized when it affirmed the portion of this Court's decision that held Petitioner had procedurally defaulted Parts 10 and 11 of Ground 1. (R&R 11-12, DN 108).

claim of IATC, and, therefore, ineffective assistance of Petitioner's initial-review post-conviction counsel could not excuse his default of those claims. (R&R 13-25, DN 108). Thus, the Magistrate Judge recommended that this Court deny Parts 4, 6, 8 and 12 of Ground 1 of Petitioner's habeas petition, dismiss the petition, and decline to grant a COA. (R&R 26, DN 108).

Shortly thereafter, Petitioner filed a motion pursuant to Fed. R. Civ. P 60(b), seeking relief from this Court's order adopting the Magistrate Judge's First R&R on the ground that this Court erred in finding that he procedurally defaulted Grounds 2 and 3 and Parts 10 and 11 of Ground 1 of his habeas petition. (R&R 1-5, DN 133). In particular, Petitioner argued for the first time that ineffective assistance of counsel on *direct appeal* caused the procedural default of Grounds 2 and 3, and that, therefore, that default should be excused. (R&R 5, DN 133). Petitioner also averred that this Court should defy the Sixth Circuit and U.S. Supreme Court and excuse his procedural default of Parts 10 and 11 of Ground 1 on the ground that ineffective assistance of post-conviction *appellate* counsel caused the default. (R&R 5, DN 133).

On November 14, 2017, the Magistrate Judge issued a Third R&R in which he recommended that this Court deny Petitioner's Rule 60(b) motion. In reaching this conclusion, the Magistrate Judge initially noted that the Sixth Circuit had previously declined to issue Petitioner a COA on Grounds 2 and 3 of his habeas petition and that, though the Sixth Circuit issued a COA to Parts 10 and 11 of Ground 1, it also affirmed this Court's order rejecting those claims. (R&R 3-5, DN 133). Then, the Magistrate Judge reviewed the merits of Petitioner's arguments and found neither persuasive. Specifically, the Magistrate Judge reasoned that Petitioner's Rule 60(b) motion constituted a successive habeas petition because, in each of the

arguments set forth therein, Petitioner essentially asked the Court for a second chance to have the merits of his claims determined favorably. (R&R 8-14, DN 133).

Thereafter, Petitioner moved the Court to take judicial notice of certain adjudicative facts and filed objections to the Second and Third R&Rs. (*See* Pet'r's Mot. Judicial Notice Adjudicative Facts, DN 138; Pet'r's Obj., DN 115; Pet'r's Obj., DN 137). Respondent did not file a response to Petitioner's motion or objection, and the time to do so has passed. As such, Petitioner's objections and motion are ripe for adjudication. Nonetheless, because the Court's resolution of Petitioner's objections to the Second and Third R&Rs disposes of this matter entirely—thereby rendering his motion moot—the Court will only address his objections.

## II. JURISDICTION

This Court has jurisdiction to review "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III. STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a petitioner fails to object, the Court need not "review a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). General objections have the same effect as would a failure to object—i.e., the Court may forego review of general objections, and general objections are insufficient to preserve the right to appeal. *Mensah v. Mich. Dep't of Corr.*, 513 F. App'x. 537, 538 (6th Cir. 2013) (explaining the consequences of failing to file specific objections).

7

## IV. DISCUSSION

Petitioner has raised two objections to the Second R&R, and one objection to the Third R&R. The Court will address each of these objections in turn.

### A. Petitioner's Objections to the Second R&R

Petitioner raises two objections with respect to the Second R&R. First, Petitioner objects to the Magistrate Judge's conclusion that he fairly presented Parts 8 and 12 of Ground 1 during his post-conviction proceedings. (Pet'r's Obj. 1-3, DN 115). Petitioner proceeds to argue that ineffective assistance of initial-review post-conviction counsel *caused* those arguments to *not* be fairly presented, and, therefore, the procedural default of those grounds should be excused. (Pet'r's Obj. 1-3, DN 115). Second, Petitioner objects to the Magistrate Judge's finding that his procedural default of Parts 4 and 6 of Ground 1 were inexcusable because neither presented a substantial claim of IATC. (Pet'r's Obj. 3-5, DN 115). Neither objection has merit.[6]

With respect to the first objection, the record plainly illustrates that Petitioner raised both the legal and factual bases Parts 8 and 12 of Ground 1 in two separate motions that he submitted to the Barren Circuit Court during his post-conviction proceedings. (*See* Resp't's Ans. App. IIa, at Page ID# 217-18, DN 20-3; Resp't's Ans. App. IV, at Page ID# 321-23, DN 20-7). That said, Petitioner fairly presented these grounds in state court, meaning that he *could not* have procedurally defaulted them at that time, much less that ineffective assistance of initial-review

---

[6] Petitioner also seems to argue that the Court should allow him to argue that ineffective assistance of post-conviction *appellate* counsel caused the procedural default of Parts 4, 6, 8, and 12 of Ground 1, and, that, therefore, such defaults should be excused. (Pet'r's Obj. 1-3, DN 115). The U.S. Supreme Court, however, has rejected that argument, and, therefore, this Court must reject it as well. *See Martinez*, 566 U.S. at 16 (noting that a procedural default caused by ineffective assistance of counsel in "appeals from initial-review collateral proceedings" cannot excuse the default).

post-conviction counsel caused such a default. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (noting that claim is "fairly presented" if the factual and legal bases for it was raised in the state court). Thus, the Magistrate Judge correctly found Petitioner procedurally defaulted Parts 8 and 12 of Ground 1, and the procedural default is inexcusable.

The second objection does not warrant the Court's review of the record. As noted, Petitioner's second objection is that the Magistrate Judge erred in concluding that neither Part 4 nor Part 6 of Ground 1 presented substantial claims of IATC. (Pet'r's Obj. 3-5, DN 115). Thus, this objection "does nothing more than state a disagreement with a magistrate's suggested resolution," and "is not an 'objection' as that term is used in this context." *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, Petitioner's supposed objection need not be reviewed "under a *de novo* or any other standard." *Thomas*, 474 U.S. at 150.

### B. Petitioner's Objection to the Third R&R

Though not entirely clear, Petitioner's sole objection to the Third R&R appears to be that the Magistrate Judge erred in denying his Rule 60(b) Motion because, in doing so, the Magistrate Judge failed to consider his argument that the procedural default of Grounds 2 and 3, and of Parts 10 and 11 of Ground 1, should be excused because the Kentucky courts prevented him from preserving those claims. (Pet'r's Obj. 1-12, DN 137). In support of this argument, Petitioner points out that he raised this argument in his habeas petition, but that the Magistrate Judge did not consider it in the First R&R and then claims that, as a result, the Court must reopen its prior judgment and given consideration to his contention. (Pet'r's Obj. 1-12, DN 137).

Problematically, however, careful review of Petitioner's Rule 60(b) motion reveals that he did not raise this argument therein; rather, he raised this argument in the context of his Rule 60(b) motion for this first time in his objections. (*See* Pet'r's Mot. Reopen Am. Pet., DN 123;

Pet'r's Obj., DN 137). Thus, the Magistrate Judge never had an opportunity to address whether Petitioner is entitled to Rule 60(b) relief as to this Court's order adopting the First R&R on the ground that the procedural default of Grounds 2 and 3, and Parts 10 and 11 of Ground 1, should be excused because the Kentucky courts prevented him from preserving those grounds.

As the Sixth Circuit has explained, "the Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments . . . that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted); *see also Laues-Gholston v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 14-CV-10844, 2014 WL 3908059, at *2 (E.D. Mich. Aug. 11, 2014) ("Parties are generally not permitted to raise new arguments or claims before the district court that were not presented to the Magistrate Judge." (citation omitted)). Rather, such arguments "are deemed waived" and should be overruled. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted); *Laues-Gholston*, 2014 WL 3908059, at *2. As such, the Court will overrule Petitioner's objection to the Third R&R.

## C. Certificate of Appealability

The Magistrate Judge recommended that this Court deny Petitioner a COA with respect to the claims raised in his habeas petition and Rule 60(b) motion. Petitioner did not raise any specific objections to this recommendation and the Court will accept it.

## V. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 115, DN 137) are **OVERRULED**;

2. Magistrate Judge Brennenstuhl's Findings of Fact, Conclusions of Law and Recommendations (DN 108, DN 133) are **ADOPTED** as and for the opinion of this Court;

10

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**;

4. Petitioner's Motion to Reopen and Amend Petition (DN 123) is **DENIED**;

5. Petitioner's Motion for Judicial Notice of Adjudicative Facts (DN 138) is **DENIED AS MOOT**; and

6. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
January 10, 2018

cc: counsel of record
Gary R. Woolbright, *pro se*